UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>VENTECH ENGINEERS LP et al.,<br><br>    Debtors<br>―――――――――――――――<br>RODNEY D. TOW, CHAPTER 7 TRUSTEE FOR THE ESTATE OF VENTECH XTL OKLAHOMA CITY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MEITEC, INC.<br><br>    Defendant | CIVIL ACTION NO. 17-33203<br><br>Jointly Administered<br><br>Adversary No. 19-03623 |

**ANSWER TO TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND TO DISALLOW CLAIMS**

**NOW INTO COURT** comes MEITEC, Inc. (hereafter, "MEITEC"), who, through undersigned counsel, and in response to Trustee's Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims (the "Complaint") filed by Rodney D. Tow, in his capacity as Chapter 7 Trustee for the Estate of Ventech XTL Oklahoma City, LLC (the "Plaintiff" and/or "Debtor") hereby states as follows:

**FIRST DEFENSE**

The Plaintiff is not entitled to relief requested in that the alleged transfer was (1) in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of

the Debtor and MEITEC; (2) was made in the ordinary course of business or financial affairs of the Debtor and MEITEC; and, (3) was made according to ordinary business terms.

## SECOND DEFENSE

Debtor was not insolvent within the meaning of 11 U.S.C. §547(b) at the time of the alleged transfers.

## THIRD DEFENSE

Debtor's payment to MEITEC was not for or on account of an antecedent debt owed to the Debtor by MEITEC, but rather made contemporaneously and for new value given to the Debtor; by reason of the foregoing, the payment by Debtor to MEITEC does not fall within the meaning of a preferential transfer under 11 U.S.C. § 547.

## FORTH DEFENSE

The transfers were intended by MEITEC and the Debtors to be contemporaneous exchanges for new value and were, in fact, substantially contemporaneous exchanges pursuant to 11 U.S.C. § 547(c)(1).

## FIFTH DEFENSE

Debtor received a reasonable equivalent value in exchange for Debtor's payment to MEITEC; by reason of the foregoing, the payment by Debtor does not qualify as a fraudulent or preferential transfer or obligation under 11 U.S.C. § 548.

## SIXTH DEFENSE

Debtor was not insolvent within the meaning of 11 U.S.C. §548 at the time of the alleged transfers.

## SEVENTH DEFENSE

Debtor received a reasonably equivalent value in exchange for the alleged transfer.

## EIGHTH DEFENSE

MEITEC did not receive more than MEITEC would have received if the transfers had not been made and this case was a Chapter 7 proceeding.

## NINTH DEFENSE

MEITEC reserves the right to supplement and amend its affirmative defenses.

**IN FURTHER DEFENSE**, as by way of response, MEITEC responds to the specifically numbered paragraphs in the Complaint as follows:

1.

The allegations contained in Paragraph 1 of the Complaint require no response from MEITEC.

2.

The allegations contained in Paragraph 2 of the Complaint require no response from MEITEC.

3.

The allegations contained in Paragraph 3 of the Complaint are admitted.

4.

The allegations contained in Paragraph 4 of the Complaint are admitted.

5.

The allegations contained in Paragraph 5 of the Complaint are conclusions of law to which no response is required.

6.

The allegations contained in Paragraph 6 of the Complaint are conclusions of law to which no response is required.

7.

The allegations contained in Paragraph 7 of the Complaint are admitted.

8.

The allegations contained in Paragraph 8 of the Complaint are conclusions of law to which no response is required.

9.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

10.

The allegations contained in Paragraph 10 of the Complaint are admitted.

11.

The allegations contained in Paragraph 11 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

12.

The allegations contained in Paragraph 12 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

4811-2260-3697 v. 1

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

14.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

15.

The allegations contained in Paragraph 15 of the Complaint are admitted.

16.

The allegations contained in Paragraph 16 of the Complaint are admitted.

17.

The allegations contained in Paragraph 17 of the Complaint are admitted.

18.

The allegations contained in Paragraph 18 of the Complaint do not require a response by MEITEC.

19.

The allegations contained in Paragraph 19 of the Complaint are conclusions of law to which no response is required.

20.

The allegations contained in Paragraph 20 of the Complaint are denied.

21.

The allegations contained in Paragraph 21 of the Complaint are denied.

22.

The allegations contained in Paragraph 22 of the Complaint are denied.

23.

The allegations contained in Paragraph 23 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

24.

The allegations contained in Paragraph 24 of the Complaint are denied.

25.

The allegations contained in Paragraph 25 of the Complaint are denied.

26.

The allegations contained in Paragraph 26 of the Complaint are denied.

27.

The allegations contained in Paragraph 27 of the Complaint are denied.

28.

The allegations contained in Paragraph 28 of the Complaint do not require a response from MEITEC.

29.

The allegations contained in Paragraph 29 of the Complaint are denied.

Case 19-03623   Document 12   Filed in TXSB on 01/17/20   Page 7 of 8

30.

The allegations contained in Paragraph 30 of the Complaint are denied.

31.

The allegations contained in Paragraph 31 of the Complaint are denied.

32.

The allegations contained in Paragraph 32 of the Complaint do not require a response from MEITEC.

33.

The allegations contained in Paragraph 33 of the Complaint are denied.

34.

The allegations contained in Paragraph 34 of the Complaint are denied.

35.

The allegations contained in Paragraph 35 of the Complaint are denied.

**WHEREFORE**, Defendant, MEITEC, Inc., having fully responded to the allegations of the Trustee's Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims, requests that the Court enter an Order finding in favor of Defendant, MEITEC, Inc., dismissing the Trustee's Complaint to Avoid and Recover Preferential Transfers to Disallow Claims with prejudice and awarding all costs, including attorney's fees, for this proceeding to Defendant, MEITEC, Inc. Defendant, MEITEC, Inc., further prays for such other and further relief as this Court may deem sufficient.

4811-2260-3697 v. 1

Respectfully submitted:

**RIESS LeMIEUX LLC**

By: *s/ Christy R. Bergeron*
Christy R. Bergeron (Bar #22944)
1100 Poydras Street, Suite 1100
New Orleans, Louisiana 70163
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
E-mail: cbergeron@rllaw.com
*Attorneys for MEITEC, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of January, 2020 I electronically filed the foregoing Answer to Trustee's Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims which will send a notice of electronic filing to all counsel of record.

*s/ Christy R. Bergeron*
Christy R. Bergeron